# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRYAN MOORE, ET AL. | CIVIL ACTION |
| VERSUS | No. 17-5219 |
| RANDY SMITH | SECTION: "J"(2) |

## ORDER AND REASONS

Before the Court is a sealed *Motion to Sever and Stay Claims of David Hanson, Sr., David Hanson. Jr., and Tammy Hanson* **(Rec. Doc. 67)**. Considering the Motion, the memoranda, and the applicable law, the Court finds that the Motion should be **DENIED**.

## FACTS AND PROCEDURAL HISTORY

This matter arises from the 2015 St. Tammany Parish Sheriff's election in which Defendant, Randy Smith ('Sheriff Smith"), defeated the incumbent sheriff, Rodney "Jack" Strain ("Sheriff Strain"). The Movants, David Hanson, Sr., David Hanson, Jr., and Tammy Hanson, are three of the ten plaintiffs—all former deputies—who filed suit against Sheriff Smith, each alleging they were illegally terminated for campaigning for Sheriff Strain. On July 30, 2018, Movants filed a motion to seal the Motion currently before the Court. The Court granted the motion to seal at a status conference that took place on August 15, 2018. At the conference the Court ordered that all concerned parties file briefing under seal regarding this

Motion; Sheriff Smith filed an opposition (Rec. Doc. 58), and Movants filed a reply (Rec. Doc. 66).*

## **LEGAL STANDARD**

District courts possess an inherent power to control their docket on the basis of judicial economy. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This discretionary power extends to severing claims, see *Anderson v. Red River Waterway Commission*, 231 F.3d 211, 214 (5th Cir. 2000), as well as to staying proceedings, see *Securities and Exchange Commission v. First Financial. Group of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).

Commonly, defendants facing a criminal indictment for allegedly engaging in some type of illegal conduct also face civil claims for damages. *First Fin. Group of Texas, Inc.*, 659 F.2d at 666. This is not generally objectionable, but a stay of civil proceedings may be necessary in "special circumstances." *See Id.* at 668. That is, where "there is a real and appreciable risk of self-incrimination." *Modern Am. Recycling Services, Inc. v. Dunavant*, No. CIV.A. 10-3153, 2012 WL 1357720, at *2 (E.D. La. Apr. 19, 2012) (quoting *Brumfield v. Shelton*, 727 F.Supp. 282, 284 (E.D. La. 1989)). The courts within the Fifth Circuit generally rely on six factors in deciding whether a civil proceeding requires a stay in this context:

(1) the extent to which the issues in the criminal case overlap with those in the civil case;

---

* On August 29, 2018, inquiring media outlets properly motioned to intervene in order to assert claims of access to the sealed Motion and its accompanying memoranda. (Rec. Doc. 62). The right to access the sealed documents shall be determined at a later date.

(2) the status of the criminal case, including whether the defendants have been indicted;

(3) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation;

(4) the private interest of, and burden on, the defendant;

(5) the interest of the courts; and

(6) the public interest.

*Id.* (citing *LeBouef v. Glob. X-Ray*, No. CIV.A. 07-5755, 2008 WL 239752, at *1 (E.D. La. Jan. 29, 2008)).

## **DISCUSSION**

As Movants fully admit, their request is irregular. In the typical case, it is the defendant who asks for the stay of civil proceedings alleged against her. *See, e.g.*, *First Fin. Group of Texas, Inc.*, 659 F.2d at 666-68. Here, Movants ask that their own claims be severed and stayed pending resolution of any possible criminal proceedings that may be brought against one of the Movants. Sheriff Smith suggests that the six-factor test does not even contemplate a plaintiff asking that his own civil case be stayed. Defendant has a point, but the Court nevertheless finds that that the factor test at least provides a relevant framework to determine whether proceedings should be stayed in this matter.

Regarding the test, there appears to be significant overlap of the issues and so the first factor weighs for Movants. However, there has been no indictment in this case, and there is no evidence that an indictment will ever

3

result from any federal investigation. This factor weighs for Sheriff Smith. *See Modern Am. Recycling Services, Inc.*, 2012 WL 1357720, at *3.

The third factor clearly contemplates that the defendant is the movant and is not easily applicable. The fourth factor, follows the second; without an indictment, the burden on Movants is purely speculative. *See LeBouef*, 2008 WL 239752, at *2. Moreover, if Movants are concerned about self-incrimination, they are empowered to avoid deposition by simply dismissing their case. Considering the fifth factor—the Court's interest—an indictment has not been handed down and may never be handed down and so the Court is left to guess how long a stay might last. Furthermore, Plaintiffs have demanded a jury trial and it is possible that it would be necessary to empanel two separate juries to hear cases with identical issues. Thus, factors of judicial economy recommend against staying proceedings. Finally, the public has an interest in having claims of unconstitutional conduct by the duly elected sheriff resolved expeditiously. This factor weighs against granting a stay.

Even after analyzing under the factor test that Movants ask be applied, this Court cannot find that severance and a stay of proceedings is warranted. Accordingly,

**IT IS ORDERED** that the *Motion to Sever and Stay* **(Rec. Doc. 67)** is **DENIED**.

New Orleans, Louisiana, this 5th day of September, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE