UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRYAN MOORE, ET AL.                                CIVIL ACTION

VERSUS                                             No. 17-5219

RANDY SMITH                                        SECTION: "J"(2)

## ORDER AND REASONS

Before the Court is a *Motion to Vacate Order* **(Rec. Doc. 70)** filed by intervenors Capital City Press, LLC, doing business as *The Advocate*, and WWL-TV, Inc. ("Movants"). Plaintiffs filed an opposition (Rec. Doc. 82) that was untimely per the local rules, although it was filed before the Motion was submitted before the Court. Rather than filing a reply to the opposition, Movants filed *a Motion to Strike* Plaintiffs' opposition as untimely **(Rec. Doc. 88)**, which Plaintiffs opposed (Rec. Doc. 94). Considering the Motions, the legal memoranda, the record, and the law, the Court finds that the *Motion to Strike* should be **DENIED** and the *Motion to Vacate Order* should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs in this case are several former sheriff's deputies who allege they were illegally terminated by the elected sheriff of St. Tammany Parish for supporting the candidate who lost the election. On July 30, 2018, three of the ten plaintiffs, David Hanson, Sr., David Hanson, Jr. and Tammy Hanson, moved for leave to file under seal (Rec. Doc. 52) a motion to sever and stay claims (Rec. Doc. 67). On August 15, 2018, the Court held a status conference, at which it granted the motion and allowed

the parties to brief the motion to sever and stay under seal. (Rec. Doc. 57). The Court ultimately denied the motion to sever and stay in an unsealed order with reasons. (Rec. Doc. 69).

Movants intervened and now argue that this Court's August 15, 2018 order sealing the motion to sever and stay violates the public's right of access to court records and proceedings under the United States Constitution and federal precedent. (Rec. Doc. 70-1 at 3). Following this Court's denial of the motion to sever and stay, David Hanson, Sr., David Hanson, Jr. and Tammy Hanson voluntarily dismissed their case.

## **PARTIES' ARGUMENTS AND APPLICABLE LAW**

The core of Movants' argument is that there is a presumption in favor of access to court filings that the Plaintiffs have failed to rebut. Indeed, "the public has a common law right to inspect and copy judicial records." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). "However, the public's common law right is not absolute." *Id*. District courts enjoy supervisory power over their own records and files, see *Nixon*, 435 U.S. at 597, and the public's interest in transparency is sometimes outweighed by the other factors relevant to a particular case. Thus, district courts must balance competing interests. *Van Waeyenberghe*, 990 F.2d at 848. While engaging in balancing, the Court keeps in mind that from the start, the scales tip in favor of access. *See Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir.

1987) ("The district court's discretion to seal the record of judicial proceedings is to be exercised charily.").

Movants urge a public interest in the motion to sever and stay based on a series of reports published by Movants. In one article, The Advocate reported that a Grand Jury had served a subpoena on the St. Tammany Sheriff's Office seeking documents relating to a work-release facility that had been privatized by former Sheriff Jack Strain.[1] According to the article, among the documents sought were the calendars or planners and personnel records of David Hanson, Sr., one of the plaintiffs who moved to sever and stay his claims against Sheriff Smith. *Id.* Thus, "[w]ith a Grand Jury Investigation occurring and the public's interest in that investigation, extremely high, Movants aver that the Motion to Sever and Stay should be unsealed." (Rec. Doc. 70-1 at 3).

Plaintiffs argued in their original motion to seal that the common law right of access was must give way to the specific prejudice Plaintiffs would suffer if the content of the motion to sever and stay were to be revealed. (Rec. Doc. 52-1). In opposition though, Plaintiffs do not attempt to argue that balancing weighs in their favor. They argue first that any public interest in in the motion to sever is moot because the plaintiffs who filed the motion have dismissed their claims. Second, they argue that Movants improperly delayed in intervening and opposing the sealing the

---

[1] *See Sara Pagones, Grand Jury Serves Subpoena on St. Tammany Sheriff's Office as it Probes Jack Strain and Work-Release Program*, THE ADVOCATE (Mar. 27, 2018, 532 PM), https://www.theadvocate.com/new_orleans/news/communities/st_tammany/article_b2e13b60-320e-11e8-a350-33a5f5e7bf7d.html.

3

motion to sever and stay. If they had timely done so, say Plaintiffs, Plaintiffs could have taken advantage of Local Rule 5.6, which provides procedural requirements for parties who request that documents or exhibits be filed under seal. In relevant part, Local Rule 5.6(D) states:

> If the motion to file under seal is denied, the movant may file another motion to remove the document(s) from the record within seven days. If no such motion is timely filed, the document(s) must be filed as a public record.

Plaintiffs argue that, given the alleged newsworthiness of the case, intervenors must have had notice of Plaintiff's filings but did not timely intervene when the motion to seal was pending. Plaintiffs argue that the Movants' later intervention therefore deprives them of a right they have under the local rules.

Movants argue that the opposition should be stricken from the record as untimely. (Rec. Doc. 88-2). They point out that Local Rule 7.5 states that a memorandum in opposition must be filed at least eight days in advance of a contested motion's submission date, which was October 10, 2018. Plaintiffs filed their opposition on October 8, 2018—six days late.

## **DISCUSSION**

The Court will not strike the opposition. Plaintiffs' first argument is without merit. The public's right to access court filings does not end when a case is closed. Rather, the end of litigation is often a condition upon which documents are *unsealed*. *See, e.g.*, *United States v. Nix*, 976 F. Supp. 417, 421 (S.D. Miss. 1997) (sealing exhibits only as long as was necessary to protect rights of criminally accused). Nor

have the Plaintiffs explained why public interest in the content of the motion to sever would diminish because some of the plaintiffs in this proceeding have voluntarily dismissed their claims.

The Court rejects Plaintiffs' second argument as well. Plaintiffs put forth no authority supporting their assertion that the public right to access court documents is forfeited because Movants failed to intervene within the seven-day grace period in which the local rules afforded Plaintiffs to opportunity to withdraw the motion to be sealed. That argument requires ranking a right granted to the public by the U.S. Constitution below a procedural mechanism instituted by the Court for the convenience of litigants; that is something the Court is obviously without power to do.

Finally, upon actually balancing the purported prejudice to Plaintiffs with the interest in the public in accessing the sealed motion, the Court concludes that the motion must be unsealed.

## **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the Motion to *Motion to Vacate Order* **(Rec. Doc. 70)** is **GRANTED**. The Clerk shall unseal the Motion to Sever and Stay Claims (Rec. Doc. 67).

**IT IS FURTHER ORDERED** that *Motion to Strike* Plaintiffs' opposition as untimely **(Rec. Doc. 88)** is **DENIED**.

New Orleans, Louisiana, this 11th day of December, 2018.

                                                  _____
                                                  CARL J. BARBIER
                                                  UNITED STATES DISTRICT JUDGE