**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRYAN MOORE, CLIFFORD KEEN, DAVID HANSON, SR., ROBERT JUGE, JR., DAVID HANSON, JR., CHERYL HANSON, SEAN BEAVERS, TAMMY HANSON, STERLING HEBERT, JR., and JAMES FRANKLIN** | **CIVIL ACTION NO.: 17-5219** |
| | **JUDGE: BARBIER** |
| **VERSUS** | |
| **RANDY SMITH, INDIVIDUALLY and IN HIS OFFICIAL CAPACITY AS SHERIFF OF ST. TAMMANY PARISH** | **MAGISTRATE: WILKINSON** |

**MEMORANDUM IN SUPPORT OF**
**MOTION IN LIMINE TO EXCLUDE**
**UNSUPPORTED CONCLUSIONS AND OPINIONS BY DEFENDANT'S EXPERT**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, and submit the following in support of their Motion in Limine to exclude the unsupported conclusions and opinions set forth in Defendant's experts' reports.

## I. INTRODUCTION

On October 11, 2019, Defendant produced six (6) reports from AsherMeyers, LLC, purporting to be economic damages expert reports in opposition to the expert reports prepared by Plaintiffs' economist.[1] As explained below, however, several of the conclusions and/or statements set forth in the report fail to provide with any specificity the substance of the experts' opinions, or the basis for those opinions, in violation of FRCP 26(a). Therefore, Plaintiffs respectfully submit that those conclusions and/or statements (specifically identified below),

[1] *See* October 11, 2019 reports from AsherMeyers, LLC regarding Bryan Moore, Cheryl Hanson, Sterling Hebert, James Franklin, Bobby Juge and Sean Beavers, attached as Exhibits "A," "B," "C," "D," "E" and "F," respectively.

should be excluded and Defendant's experts should be barred from testifying regarding those matters.

## II. ARGUMENT

Pursuant to FRCP 26(a), "expert reports must explain the 'how' and 'why' of the expert's opinions with specificity." See Fulmer v. United States, 2019 WL 1989233, at *3 (E.D. La. 2019), *citing Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995) (report lacked specificity to give advance notice of substance of expert's testimony so was deficient under Rule 26(a)); *Denley, v. Hartford Ins. Co. of the Midwest*, 2008 WL 2951926, at *4-5 (E.D. La. July 29, 2008); *Reed v. Binder*, 165 F.R.D. 424, 430 (D.N.J. 1996) (reports referencing "few specific resources" among "massive amounts of documents" insufficient under Rule 26(a)).

Failure to abide by Rule 26(a)'s disclosure requirements implicates the sanctions set forth in Rule 37(c). *Honey-Love v. United States*, 664 F. App'x 358, 361-62 (5th Cir. 2016). Rule 37(c)(1) of the Federal Rules of Civil Procedure states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) ... the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."

### A. Issues Common To All Reports

For the sake of ease, Plaintiffs will initially address statements and/or conclusions made by Defendant's experts about all of the Plaintiffs.

#### 1. "Scenario 1 Damages"

First, in each report, Defendant's experts state as follows regarding potential damages if Defendant is found to have not illegally terminated Plaintiffs:

> **Scenario 1 Damages**
>
> You have advised us that [Plaintiff] was an "at will" employee of the St. Tammany Parish Sheriff's Department. You have also advised us that [Plaintiff's] employer complied with the applicable legal requirements in connection with his termination.
>
> As such, [Plaintiff] has sustained no damages under this scenario.

(emphasis in original).[2]

The above statement in each of the reports issued by Defendant's experts not only seeks to place the imprimatur of "expertise" on the ultimate issue of whether Plaintiffs were legally terminated (a legal issue for the jury to decide), it is also irrelevant an unnecessary. If the jury determines that Plaintiffs were validly terminated, then it goes without saying that they will not be entitled to damages. Defendant's experts' opinion and/or conclusion in this regard, however, could ultimately confused the jury and runs the risk of appearing that Defendant's economic expert is opining that Plaintiffs were legally terminated. Therefore, Plaintiffs submit that the "Scenario 1 Damages" section of each report should be excluded and Plaintiffs' experts should be prohibited from testifying about the same.

2. <u>Plaintiffs' expert's alleged failure to comply with SDT.</u>

Second, in each report issued, Defendant's expert set forth a conclusion/statement that Plaintiffs' expert allegedly failed to comply with a SDT issued by Defendant's counsel:

> Wolfson has failed to comply with the subpoena duce tecum and has failed to produce the calculations associated with his purported losses for Mr. Beavers in connection with this lack of production.[3]

Putting aside the fact that Defendant's experts' statement above is inaccurate, as Mr. Wolfson did comply with the SDT issue by Defendant,[4] such a statement is a legal conclusion

---

2 *See, e.g.*, Exhibit "F," at p. 2.

3 *Id.*, at p. 3.

that is beyond the expertise of Defendant's experts and more properly an issue to be decided by this Court if and when the question of alleged non-compliance was raised by Defendant. Again, Defendant's experts should not be allowed to testify to the jury as to a conclusion on a legal issue – particularly when that conclusion is false. Therefore, Plaintiffs submit that the statement regarding Mr. Wolfson's alleged failure to comply with the SDT issued by Defendant contained in each report should be excluded and Plaintiffs' experts should be prohibited from testifying about the same.

3. <u>Alleged failure to review sufficient relevant data.</u>

Third, in each report issued, Defendant's expert set forth a conclusion/statement that Plaintiffs' expert "obviously failed to review sufficient relevant data relating to [Plaintiff.]"[5] In is respectfully submitted, however, that such a conclusion is not "obvious" because Defendant's experts do not explain the basis for the conclusion in any way. Defendant's experts' reports do not list the information that Mr. Wolfson "obviously" failed to review, why that information was relevant and what, if any, impact such information would have on Mr. Wolfson's conclusions. It is this type of generalized, unspecific and conclusory statement/testimony that FRCP 26(a) is intended to guard against. Therefore, Plaintiffs submit that the statement by Defendant's experts that Mr. Wolfson's "obviously failed to review sufficient relevant data relating to [Plaintiff]" contained in each report should be excluded and Plaintiffs' experts should be prohibited from testifying about the same.

---

4 *See* October 7, 2019 email from S. Wolfson to J. Bradford (counsel for Defendant), attached as Exhibit "G."

5 *See, e.g.*, Exhibit "F," at p. 3.

4. Alleged failure to mitigate damages

Fourth, in each report issued, Defendant's experts make a statement that Plaintiffs' expert excluded the impact of Plaintiffs' "failure to mitigate" damages."[6] Once again, however, Defendant's expert report does not explain the "how" and the "why" to support such a statement. Defendant's expert does not provide any factual information relating to whether Plaintiffs applied for other jobs or whether other jobs were available. Thus, the reports are completely devoid of any explanation or basis as to why or how Plaintiffs allegedly failed to mitigate their damages. Therefore, Plaintiffs submit that the statements by Defendant's experts that Plaintiffs allegedly failed to mitigate their damages should be excluded and Plaintiffs' experts should be prohibited from testifying about the same.

5. Lost Retirement Benefits Statements

Fifth, in each report issued, Defendant's experts makes the following statement regarding the lost retirement benefits calculation made by Plaintiffs' expert:

> Wolfson's representation of [Plaintiff's] lost retirement benefits is excessively speculative, improperly calculated and inconsistent with our understanding of lost front pay benefits.[7]

As is the case with many of Defendant's experts' statements, this statement/conclusion is lacking any of the supporting explanation or reasoning required by Rule 26(a). For example, while the statement is made that the lost retirement benefits are "excessively speculative," the reports do not explain in any way why Defendant's experts believe that the calculations done by Mr. Wolfson as allegedly speculative. Similarly, while opining that Mr. Wolfson's calculations are "improperly calculated," Defendant's experts do not provide any calculations of their own to

---

6 *Id.*

7 *Id.*

show why Mr. Wolfson's calculations are allegedly incorrect. Finally, Defendant's experts claim that Mr. Wolfson's lost retirement benefits calculation is "inconsistent with our understanding of lost front pay benefits," but do not explain what their "understanding of lost front pay benefits" is so that such a conclusion can be challenged. Simply put, this statement by Defendant's experts is utterly without support, reasoning or basis, and therefore the statement should be excluded and Plaintiffs' experts should be prohibited from testifying about the same.

6. Back DROP losses

Sixth, in each report issued, Defendant's experts claim that "Wolfson improperly includes Back DROP losses."[8] However, as noted above, this statement is wholly without any support or explanation. Defendant's experts do not explain, in any way, why the conclude that Mr. Wolfson's use of back DROP losses is inappropriate. Thus, for the reasons set forth above, Plaintiffs submit that the statement by Defendant's experts that Mr. Wolfson improperly includes back DROP losses should be excluded and Plaintiffs' experts should be prohibited from testifying about the same.

**B. Cheryl Hanson And Bryan Moore**

In the reports issued by Defendant's experts pertaining to Plaintiffs Cheryl Hanson and Bryan Moore, Defendant's experts state that Mr. Wolfson failed to consider their disabilities and disability payments.[9] For the reasons set forth in Plaintiffs' Motion in Limine to Exclude Testimony by Defendant's Experts Regarding Plaintiffs' Collateral Sources of Income,[10] Plaintiffs submit that Defendant's economic experts should likewise be prohibited from testifying or commenting about disability payment received by Plaintiffs.

---

[8] *Id.*

[9] *See* Exhibits "A," at p. 3, and Exhibit "B," at p. 3.

In addition, Defendant's expert reports allege that Mr. Moore and Ms. Hanson were allegedly "disabled," and that Mr. Wolfson's report failed to consider such disabilities. Plaintiffs have never claimed that Mr. Moore or Ms. Hanson are disabled, and there has been no finding that either are disabled. Mr. Moore and Ms. Hanson both continued to look for work after their termination by Defendant. Defendant's experts' reports do not contain any explanation for the conclusion that either Mr. Moore or Ms. Hanson were disabled, and therefore Plaintiffs submit that they should not be allowed to testify about any such "disability."

**C. Sterling Hebert**

In the report issued by Defendant's experts pertaining to Sterling Hebert, Defendant's experts state that Mr. Wolfson "failed to properly consider the impact of Mr. Hebert's retirement benefits actually received that would not have occurred but for the termination."[11] Again, for the reasons set forth in Plaintiffs' Motion in Limine to Exclude Testimony by Defendant's Experts Regarding Plaintiffs' Collateral Sources of Income, Plaintiffs submit that Defendant's economic experts should likewise be prohibited from testifying or commenting about retirement payments received by Plaintiffs because they are a collateral source.

## III. CONCLUSION

For all the reasons set forth above, Plaintiffs respectfully submit that their Motion in Limine to exclude the unsupported conclusions and opinions set forth in Defendant's experts' reports should be **GRANTED.**

---

[10] *See* PACER Doc. No. 186.

[11] *See* Exhibits "C," at p. 3.

Respectfully submitted,

**THE DEMMONS LAW FIRM, LLC.**

s/Larry E. Demmons

**LARRY E. DEMMONS** (#24376)
3201 Ridgelake Drive
Metairie, Louisiana 70002
Telephone: (504)-296-6417
Facsimile: (504)-335-0749

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE UNSUPPORTED CONCLUSIONS AND OPINIONS BY DEFENDANT'S EXPERT** has been served upon:

Chadwick W. Collings – ccollings@millinglaw.com

*via* the court's electronic delivery system this 22nd day of October, 2019.

s/Larry E. Demmons

**LARRY E. DEMMONS** (#24376)
The Demmons Law Firm, LLC
3201 Ridglelake Drive
Metairie, Louisiana 70002
Telephone: (504)-296-6417
Facsimile: (504)-335-0749
E-mail: larry@demmonslaw.com

**COUNSEL FOR PLAINTIFFS**