UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRYAN MOORE, ET AL.                                CIVIL ACTION

VERSUS                                             No. 17-5219

RANDY SMITH                                        SECTION: "J" (2)

## ORDER & REASONS

Before the Court are a *Motion for Summary Judgment* **(Rec. Doc. 197)** filed by Defendant Randy Smith, an opposition thereto (Rec. Doc. 214) filed by Plaintiffs Sean Beavers, James Franklin, Cheryl Hanson, Sterling Hebert Jr., Robert Juge Jr., and Bryan Moore, and a reply (Rec. Doc. 233) by Defendant. Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED in part** and **DENIED in part**.

## FACTS AND PROCEDURAL BACKGROUND

This matter arises from the 2015 St. Tammany Parish Sheriff's election in which Defendant, Sheriff Randy Smith, challenged the then-incumbent sheriff, Rodney "Jack" Strain. Plaintiffs[1] served as deputy sheriffs under Sheriff Strain and campaigned on his behalf during the election. Specifically, Plaintiffs allege that they solicited votes door-to-door, wore campaign apparel, distributed yard signs, and attended public fundraisers and events in support of Sheriff Strain. Despite their

---

[1] Ten deputies originally filed suit against Sheriff Smith in this action. Three deputies, David Hanson, Jr., David Hanson, Sr., and Tammy Hanson voluntarily dismissed their claims on September 28, 2018. (Rec. Doc. 76). Another deputy, Clifford Keen, voluntarily dismissed his claims on December 13, 2018. (Rec. Doc. 117).

vigorous campaign efforts, Defendant won the election on November 21, 2015. Upon assuming office, Defendant did not reinstate Plaintiffs to their former positions as deputy sheriffs, which Plaintiffs allege to be an act of retaliation because Defendant resented their support of his political opponent.

On May 25, 2017, Plaintiffs filed suit against Sheriff Smith, individually and in his official capacity, asserting claims for First Amendment retaliation and violations of Louisiana Revised Statute 23:961. Plaintiffs Bryan Moore and Cheryl Hanson also bring claims under the Family and Medical Leave Act ("FMLA"). The Court granted Defendant's motion to dismiss only as to the state law claims.[2] Defendant now seeks summary judgment on the remaining claims.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or

---

[2] (Rec. Doc. 120).

2

unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one for which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *Id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *Id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

I. **FIRST AMENDMENT RETALIATION**

Plaintiffs bring claims under 42 U.S.C. § 1983 for First Amendment retaliation, which require them to show: (1) they suffered an adverse employment decision; (2) their speech involved a matter of public concern; (3) their interest in speaking outweighed Defendant's interest in promoting efficiency; and (4) the protected speech motivated Defendant's conduct. *Howell v. Town of Ball*, 827 F.3d 515, 522 (5th Cir. 2016). Plaintiffs must show that their protected speech was a "substantial" or "motivating factor" in the adverse employment decisions. *Brady v. Ft. Bend Cty.*, 145 F.3d 691, 711 (5th Cir. 1998) (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).[3] The parties agree that only the fourth element, causation, is at issue.

Even if Plaintiffs establish that their protected speech was a substantial or motivating factor in Defendant's decisions to terminate them, Defendant may still avoid liability by showing "by a preponderance of the evidence that [he] would have made the same decision . . . even in the absence of the protected conduct." *Mt. Healthy*, 429 U.S. at 287; *see also Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 601 (5th Cir. 2001). Defendant must do more than articulate legitimate, nonretaliatory reasons for Plaintiffs' terminations; he must "prov[e] that [he] would have taken the same adverse action even in the absence of the improper consideration." *Brady*, 145 F.3d at 712. The Fifth Circuit has characterized this burden as an "affirmative

---

[3] The Fifth Circuit has repeatedly explained that the *McDonnell Douglas* burden-shifting framework for Title VII claims does not apply to First Amendment retaliation claims. *See, e.g., Charles v. Grief*, 522 F.3d 508, 516 n.28 (5th Cir. 2008); *Brady*, 145 F.3d at 711-12. The applicable *Mt. Healthy* standard does not require the plaintiff to establish but-for causation. *See Spiegla v. Hull*, 371 F.3d 928, 941-42 & n.9 (7th Cir. 2004) (collecting cases and citing, inter alia, *Brady*, 145 F.3d at 710-11).

4

defense." *Id.* Thus, "summary disposition of the causation issue in First Amendment retaliation claims is generally inappropriate." *Haverda v. Hays County*, 723 F.3d 586, 595 (5th Cir. 2013). *But see Beattie*, 254 F.3d at 601 (affirming summary judgment where plaintiff failed to meet "her initial burden of demonstrating that her speech motivated her discharge").

In considering Defendant's motion to dismiss, the Court concluded that the temporal proximity between Plaintiffs' support for former Sheriff Strain and Defendant's decisions to not recommission them upon taking office, as well as their lengthy and prestigious service, supported an inference that Defendant terminated them because of their political activity.[4] *See Porter v. Valdez*, 424 F. App'x 382, 387 (5th Cir. 2011) (per curiam). Defendant now argues that legitimate, nonretaliatory reasons motivated his decisions to not recommission Plaintiffs, while Plaintiffs contend that the proffered reasons are post-hoc justifications. The Court considers each in turn.

### A. Robert Juge

Defendant contends that his decision to not recommission Juge was based on Juge "sending offensive, racially charged, and sexist emails to his coworkers" over two years prior to Defendant taking office and for which Juge was not reprimanded.[5] In support, Defendant offers his own affidavit, a Times Picayune newspaper article

---

[4] (Rec. Doc. 120, at 9-10). The Court previously explained that, although Plaintiffs' commissions expired at the end of the former Sheriff's term, the decisions to not recommission them amounts to termination under the First Amendment. *Id.* at 6; *see Brady*, 145 F.3d at 703; *Smith v. Parish of Washington*, 318 F. Supp. 2d 366, 381 (E.D. La. 2004).
[5] (Rec. Doc. 197-2, at 9).

describing the incident, copies of the emails, and Juge's deposition testimony admitting that he had sent the emails and that no action was taken against him because of his conduct.[6]

In response, Plaintiffs offer the affidavits of four individuals who declare that, before he took office, Defendant told them he was going to fire certain employees due to their political support for former Sheriff Strain. Calvin Lewis, a former STPSO employee, stated that Defendant told him on January 11, 2016, two months after the election and six months before Defendant took office, that he was going to fire Juge, as well as Beavers, Hebert, and Moore, because of their support for former Sheriff Strain.[7] Lewis further declared that Defendant "never mentioned" he was firing them for the reasons he now offers.[8] Likewise, Fred Oswald, a former STPSO employee who acted as liaison for the transition between former Sheriff Strain and Defendant, declared: "I recall Randy Smith being very passionate when discussing Bobby Juge's termination and he mentioned numerous times the amount of money and support that Bobby Juge obtained for former Sheriff Strain in Slidell during the campaign."[9] Oswald further declared that he could not recall any of Defendant's proffered reasons for not recommissioning Plaintiffs being discussed in any of the meetings he attended during the transition.[10] Mike Moore and Craig Young, two local business owners who

---

[6] (Rec. Doc. 197-3, at 3-6; Rec. Docs. 197-13, 197-16; Rec. Doc. 197-27, at 9-12).
[7] (Rec. Doc. 214-1, at 3).
[8] *Id.*
[9] (Rec. Doc. 214-4, at 2).
[10] *Id.*

6

know Defendant personally, make similar declarations in their affidavits regarding only Juge.[11]

Plaintiffs also point to the campaign rally in support of former Sheriff Strain during which Defendant approached Juge, Hebert, and Franklin, pointed his finger at each, and said, "You're fired." To corroborate their testimony, Plaintiffs offer the affidavits of Jerry P. Miller, a former STPSO employee, and Pam Franklin, the wife of Plaintiff Franklin, who were at the rally and witnessed the encounter.[12] Additionally, Lewis stated in his affidavit that Defendant called him after the event and described threatening to fire Juge, Hebert, and Franklin.[13]

Defendant argues that the declarations of Lewis and Oswald are "inherently untrustworthy" because they are "both disgruntled former employees of STPSO who have each filed separate lawsuits against" him.[14] But this is exactly the type of credibility determination that the Court must refrain from making in deciding a motion for summary judgment. *See Delta*, 530 F.3d at 398. Defendant also fails to address the declarations of Mike Moore, Craig Young, Jerry Miller, or Pam Franklin. While Defendant further contends that the fact that he retained several other employees who supported former Sheriff Strain means that Plaintiffs cannot establish causation, it at most creates a triable issue of fact for the jury, particularly in light of evidence that Defendant acknowledged he could not fire all of former

---

[11] (Rec. Docs. 214-2, 214-3).
[12] (Rec. Doc. 214-8, at 1; Rec. Doc. 214-9, at 1).
[13] (Rec. Doc. 214-1, at 2).
[14] (Rec. Doc. 233, at 8).

7

Sheriff Strain's supporters.[15] *See Brady*, 145 F.3d at 714-15 ("While this constitutes probative evidence that [the sheriff] may not have chosen not to rehire the Plaintiffs because of their political affiliation, it certainly did not compel such a conclusion by the jury, particularly in light of testimony outlined above that [the sheriff] made statements indicating that he intended to make employment decisions based upon political support.").

Moreover, while Defendant offers ample evidence that Juge sent the emails in question, he provides little evidence—namely, a self-serving affidavit—that he decided not to recommission Juge because of the emails. While Defendant's evidence establishes that he could have terminated Juge for the offensive emails, it fails to establish that he would have terminated Juge if he had not supported Defendant's political rival. *See Haverda*, 723 F.3d at 597 ("The issue is not whether [the plaintiff] *could* have been demoted for the [the defendant's proffered reason], but whether he *would* have been demoted if he had not engaged in protected speech."). Further, in deciding the instant motion, the Court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* at 591 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000)). Accordingly, Defendant has failed to establish by a preponderance of the evidence that he would have terminated Juge in the absence of his political support for former Sheriff Strain. *See*

---

[15] (Decl. of Fred Oswald, Rec. Doc. 214-4, at 1) ("In those discussions, the issue of some employees supporting [former Sheriff] Strain came up and Randy Smith said, 'I can't fire them all in case someone decides to sue,' meaning that he could not fire all the individuals that supported Sheriff Strain.").

*Mt. Healthy*, 429 U.S. at 287; *Brady*, 145 F.3d at 711-12. Summary judgment will be denied on this claim.

### B. Sterling Hebert, James Franklin, Sean Beavers, & Bryan Moore

As with Juge, Plaintiffs present direct evidence that Defendant was substantially motivated to not recommission Hebert, Franklin, Beavers, and Moore because of their political support for former Sheriff Strain. Hebert and Franklin were at the campaign rally with Juge when Defendant approached them, pointed his finger at each of them, and said, "You're fired." Additionally, Lewis stated that Defendant told him that he was going to fire Hebert, Moore, and Beavers because they spoke out against him and supported former Sheriff Strain,[16] and Oswald declared that Defendant told him that "Moore was 'too close to [former Sheriff] Strain' and therefore had to go."[17]

The only evidence Defendant offers to demonstrate that he would have decided not to recommission these Plaintiffs even if they had not supported his political opponent is his own affidavit and deposition testimony. Accordingly, genuine issues of material fact exist, and summary judgment will be denied on these claims.

### C. Cheryl Hanson

Unlike the other Plaintiffs, there is no direct evidence that Defendant decided not to recommission Hanson because of her political support for former Sheriff Strain. Therefore, the Court must first consider whether Plaintiffs have submitted evidence establishing that Hanson's political support for former Sheriff Strain was a

---

[16] (Rec. Doc. 214-1, at 3).
[17] (Rec. Doc. 214-4, at 2).

9

substantial or motivating factor in Defendant's decision to not renew her commission. *See Brady*, 145 F.3d at 711.

To support Hanson's claim, Plaintiffs rely on Hanson's considerable public support for former Sheriff Strain, the timing between her protected activity and her termination, and the fact that other similarly situated employees—deputies with children in custody of the STPSO—were not terminated. Plaintiffs identify Scott Winters and Scott Lee as deputies who both had sons incarcerated at the STPSO jail, were allowed the same visitation rights as Hanson, and were recommissioned by Defendant once he took office.[18] However, Lee was also a supporter of former Sheriff Strain and was promoted to Captain by Defendant,[19] which undercuts Plaintiffs' argument. Additionally, while "close timing between an employee's protected activity and an adverse action against [her] may provide the causal connection required to make out a *prima facie* case of retaliation" for purposes of a motion to dismiss, *Porter*, 424 F. App'x at 387 (quoting *Swanson v. Gen Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997) (Title VII case)), in the context of a motion for summary judgment, "[t]iming alone does not create an inference that the termination is retaliatory." *Beattie*, 254 F.3d at 605.[20]

Accordingly, the Court finds that Hanson has not met her initial burden of demonstrating that her protected conduct motivated her termination. *See id.* at 601.

---

[18] (Rec. Doc. 214-11, at 2-3).
[19] (Affidavit of Captain Scott Lee, Rec. Doc. 197-43, at 3).
[20] The Court notes that *Porter* is unpublished and therefore only persuasive authority, while *Beattie* is binding.

10

Therefore, Defendant is entitled to summary judgment on this claim, and this claim will be dismissed.

## II. FAMILY AND MEDICAL LEAVE ACT

Defendant also seeks summary judgment on Plaintiff Moore's FMLA claim.[21] "To establish a prima facie case of interference under the FMLA, a plaintiff must show: (1) he was an eligible employee; (2) his employer was subject to FMLA requirements; (3) he was entitled to leave; (4) he gave proper notice of his intention to take FMLA leave; and (5) his employer denied him the benefits to which he was entitled under the FMLA." *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017). Again, the parties agree that only the last element is at issue.

Moore contends he was denied benefits he was entitled to under the FMLA because he was not restored to an equivalent position at the end of his FMLA leave. Defendant contends that Moore would have lost his position even had he not taken FMLA leave and that there is no evidence that his failure to recommission Moore had anything to do with Moore's exercise of FMLA leave. Specifically, Defendant asserts that he chose not to recommission Moore because he lacked the leadership and supervisory skills necessary for his position and was not respected by his rank and subordinates. Moore argues that this reason is pretext because Defendant, in his deposition testimony, could not identify a single person who did not respect Moore and admitted he did not observe Moore on a day-to-day basis, was not aware of any

---

[21] Plaintiff Hanson has indicated that she "does not intend to pursue her FMLA interference claim." (Rec. Doc. 214, at 34). Accordingly, this claim will be dismissed.

11

disciplinary action taken against Moore, and did not review Moore's personnel file prior to terminating his employment.

"An employer's failure to restore an employee to the same or equivalent position gives rise to an entitlement claim under 29 U.S.C. § 2615(a)(1)." *Amedee v. Shell Chemical LP-Geismer Plant*, 384 F. Supp. 3d 613, 629 (M.D. La. 2019) (citing *Haley v. All. Compressor LLC*, 391 F.3d 644, 649 (5th Cir. 2004)). However, "the fact that Plaintiff was on leave when [he] received [his] termination letter is not an *ipso facto* interference with FMLA rights." *Id.* at 631. The Fifth Circuit has made clear that the FMLA does not impose a strict liability standard on employers. *See Shirley v. Precision Castparts Corp.*, 726 F.3d 675, 682 (5th Cir. 2013). Accordingly, courts require plaintiffs bringing FMLA interference claims to demonstrate that they were prejudiced by the violation. *Cuellar v. Keppel Amfels, LLC*, 731 F.3d 342, 347 (5th Cir. 2013) (citing *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002)). "Prejudice exists when an employee loses compensation or benefits *by reason of the violation.*" *Jones v. Children's Hosp.*, 58 F. Supp. 3d 656, 669 (E.D. La. 2014) (emphasis added).

The strength of Moore's First Amendment claim dooms his FMLA claim, because the evidence he submitted shows a single-minded focus by Defendant to retaliate against Moore for his support for former Sheriff Strain and, as Defendant points out, there is no evidence that Moore's termination was motivated by his exercising FMLA leave. Rather, Moore took his FMLA leave beginning in June

2016,[22] yet Lewis stated that Defendant told him he planned on firing Moore for his support of former Sheriff Strain as early as January 2016,[23] and there is no evidence that Moore was intending to take FMLA leave at that time. Therefore, Moore has failed to establish that he was prejudiced by Defendant's interference with his FMLA leave, and this claim will be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Randy Smith's *Motion for Summary Judgment* **(Rec. Doc. 197)** is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** as to Plaintiff Cheryl Hanson's First Amendment retaliation and FMLA claims and Plaintiff Bryan Moore's FMLA claim, and these claims are **DISMISSED WITH PREJUDICE**. The Motion is **DENIED** as to all other claims.

New Orleans, Louisiana, this 31st day of July, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[22] (Rec. Doc. 214-13, at 2).
[23] (Rec. Doc. 214-1, at 3).