UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRYAN MOORE, ET AL. | CIVIL ACTION |
| VERSUS | NO: 17-5219 |
| RANDY SMITH | SECTION: "J"(2) |

**ORDER**

Considering Plaintiffs' *Motion to Strike Exhibits* **(Rec. Doc. 164)**,

**IT IS HEREBY ORDERED** that the motion is **GRANTED in part**. Several of the items listed by Defendant as exhibits fail to identify or otherwise limit the potential universe of documents that constitute the exhibit and therefore fail to give Plaintiffs notice of which documents Defendant intends to rely on at trial. Accordingly, Exhibit Nos. 2, 7, 8, 9, 11, and 13 are **STRICKEN** from Defendant's exhibit list. Defendant may file a revised exhibit list by **June 17, 2021**, and must specifically list any document that falls within the categories of documents stricken by this order. Defendant may not add any exhibits other than those that correspond to exhibits stricken by this order. The motion is **DENIED** as to Exhibit Nos. 5 and 14.

* * *

Considering Plaintiffs' *Motion to Strike Witnesses* **(Rec. Doc. 169)**,

**IT IS HEREBY ORDERED** that the motion is **GRANTED**, and David Hanson Sr., Tammy Hanson, Clifford Keen, and Rodney "Jack" Strain are **STRICKEN** from Defendant's witness list.

* * *

Considering Plaintiffs' *Motion to Exclude Vocational Rehabilitation Expert Testimony* **(Rec. Doc. 182)**,

**IT IS HEREBY ORDERED** that the motion is **GRANTED**. This type of testimony is unnecessary and not relevant in this case because Plaintiffs only seek damages for lost future earnings (front pay), not lost future earning capacity.

* * *

Considering Plaintiffs' *Motion to Exclude Expert Testimony Regarding Plaintiffs' Collateral Sources of Income* **(Rec. Doc. 186)**,

**IT IS HEREBY ORDERED** that the motion is **GRANTED in part**. "An employer's portion of retirement and other payments made to a terminated employee must be deducted from an award of lost wages and benefits in" improper termination cases. *Lubke v. City of Arlington*, 455 F.3d 489, 499 (5th Cir. 2006). "Because [Plaintiffs] should not be penalized for [their] contributions, . . . an offset should be allowed for the employer's portion of [Plaintiffs'] retirement" benefits. *Id.* at 500. Accordingly, Defendant may not argue or present testimony indicating that any award for back pay or front pay should be reduced by the amount of any disability or retirement benefit received by Plaintiffs and not paid for by Defendant.

* * *

Considering Defendant's *Motion to Exclude Plaintiff's Economic Loss Expert* **(Rec. Doc. 188)**,

**IT IS HEREBY ORDERED** that the motion is **DENIED**. Defendant's arguments go to the sources and bases of Plaintiffs' expert's opinions rather than his reasoning or methodology and therefore present credibility questions for the jury to determine.

* * *

Considering Plaintiffs' *Motion to Exclude Unsupported Conclusions and Opinions by Defendant's Experts* **(Rec. Doc. 189)**,

**IT IS HEREBY ORDERED** that the motion is **GRANTED in part**. Several of the statements challenged by Plaintiffs are irrelevant, legal conclusions that Defendant's experts are not qualified to make, or unsupported conclusions that they fail to adequately explain in the reports themselves. However, the motion is **DENIED** as to the experts' statement that "Wolfson failed to properly consider the impact of Mr. Moore's disability" (Rec. Doc. 189-2, at 3) because the Court finds that this statement is adequately supported.

* * *

Considering Plaintiffs' *Motion to Strike Undisclosed Witnesses* **(Rec. Doc. 190)**,

**IT IS HEREBY ORDERED** that the motion is **GRANTED**. Defendant has failed to explain the importance of the testimony of the witnesses Plaintiffs seek to strike, *see, e.g.*, *Tex. A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003), and based on the nearly identical descriptions of their proposed testimony (Rec. Doc. 208-2, at 8-15), the Court concludes that their testimony would

be unnecessarily cumulative. Accordingly, Witness Nos. 12-22, 24-26, and 28-44 are **STRICKEN** from Defendant's witness list due to his failure to timely disclose these witnesses and his failure to establish that the failure was substantially justified or harmless.

New Orleans, Louisiana, this 8th day of June, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE