UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRYAN MOORE, CLIFFORD KEEN, § | | CIVIL ACTION NO.  17-5219 |
| DAVID HANSON, SR., ROBERT JUGE, § | | |
| JR., DAVID HANSON, JR., CHERYL § | | |
| HANSON, SEAN BEAVERS, TAMMY § | | |
| HANSON, STERLING HEBERT, JR., § | | |
| and JAMES FRANKLIN § | | JUDGE CARL J. BARBIER |
| Plaintiffs § | | |
| § | | |
| VERSUS § | | |
| § | | |
| RANDY SMITH, INDIVIDUALLY § | | MAGISTRATE |
| and IN HIS OFFICIAL CAPACITY AS § | | DONNA PHILLIPS CURRAULT |
| SHERIFF OF ST. TAMMANY PARISH § | | |
| Defendant § | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' FRCP 16(F) MOTION FOR SANCTIONS**

**MAY IT PLEASE THE COURT:**

NOW COMES, through undersigned counsel, Defendant, Randy Smith, individually and in his official capacity as the Sheriff of St. Tammany Parish ("Sheriff Smith"), who respectfully submits this memorandum in opposition to Plaintiffs' *Motion for Sanctions*.

**LAW AND ARGUMENT**

Plaintiffs argue that Sheriff Smith should be sanctioned because he (1) failed to participate in the settlement conference in good faith, and (2) failed to obey an order of the court. Neither of Plaintiffs' reasons are supported by law or fact.

Federal Rule of Civil Procedure 16(f) allows a court to issue sanctions against a party if the party or its attorney, (A) failed to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate – or does not participate in good faith – in the conference;

or (C) fails to obey a scheduling or other pretrial order. However, the threshold for the use of inherent power sanctions is high.[1]

### A. Sheriff Smith clearly communicated his position to the Court in his position paper.

Plaintiffs' motion is primarily based on the argument that Sheriff Smith did not participate in the settlement conference in good faith. Plaintiffs' argument has no merit because, although Sheriff Smith declined to make an offer of settlement, he clearly communicated his position to the Court in his position paper prior to the settlement conference. Moreover, Sheriff Smith never indicated that a settlement conference would be productive, nor did he indicate a settlement was possible. In fact, although the settlement conference was unilaterally set by the Court, Sheriff Smith suggested in his position paper that the conference be cancelled because he declined to grant any authority to settle this matter.

Sheriff Smith does not argue that the court has the authority to sanction a party for its failure to participate in a settlement conference in good faith. The available jurisprudence is clear that the reasoning behind the Court's authority to sanction for failure to participate in settlement conferences in good faith is because the courts "cannot allow parties to waste the court's dispute resolution assets by **pretending to support settlement** while never intending to settle."[2]  The jurisprudence is also clear that the courts **do not have the authority to force settlement**.[3] Some cases cannot be settled and the parties' desire for a trial must be respected.[4] Considering Sheriff Smith's notice to the Court of his position, the cases cited by Plaintiffs support a denial of their motion.

---

[1] *Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995).
[2] *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1334 (5th Cir. 1996) (emphasis added).
[3] *Goss Graphics Sys. v. Dev Indus.*, 267 F.3d 624, 627 (7th Cir. 2001), citing *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989); *United States v. LaCroix*, 166 F.3d 921, 922-23 (7th Cir. 1999); *In re LaMarre*, 494 F.2d 753, 756 (6th Cir. 1974); *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1128 (3d Cir. 1990); *Kothe v. Smith,* 771 F.2d 667, 669 (2d Cir. 1985) (emphasis added).
[4] *Sloan v. State Farm Mut. Auto. Ins. Co.*, 360 F.3d 1220,1227 (10th Cir. 2004).

Indeed, in *Guillory v. Domtar*, a case cited by Plaintiffs, the Fifth Circuit Court of Appeals found that sanctions were appropriate because the defendant **concealed its true position** that it never intended to settle the case.[5] In *Brown v. Oil States Skagit Smatco*, another case cited by Plaintiffs, the court noted that, "[i]f the client is not willing to negotiate during the conference, it is incumbent on the attorney to **notify the Court** that no useful purpose will be served by conducting a settlement conference. This will save the defendant from incurring the expense of its counsel in preparing for and attending the conference."[6] Pursuant to the foregoing cases, sanctions are clearly inappropriate in this case. Sheriff Smith never expressed a desire to settle this matter or a desire to participate in a settlement conference. In his position paper to the Court, Sheriff Smith expressly stated, "It is the position of Sheriff Smith, based on the facts alleged and the state of the law, that he has no liability in this matter. Therefore, Sheriff Smith has declined any settlement authority. Sheriff Smith would therefore respectfully suggest that ***in the interest of judicial economy***, that the settlement conference scheduled for June 22, 2021, be cancelled."[7]  Despite the foregoing notice to the Court of Sheriff Smith's position, the settlement conference was not cancelled. Therefore, any fees, expenses, or other losses incurred by Plaintiffs, are not attributable to Sheriff Smith and sanctions are thus inappropriate.

**B.  Sheriff Smith did not violate the Court's order.**

Plaintiffs claim that Sheriff Smith violated the Court's Order by (1) failing to respond to Plaintiff's settlement demand prior to the settlement conference and (2) by appointing a representative to attend the settlement conference on his behalf.

---

[5] *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1334 (5th Cir. 1996).
[6] *Brown v. Oil States Skagit Smatco*, 2010 U.S. Dist. LEXIS 157929 * 6 (E.D. La. Sep. 17, 2010) (emphasis added).
[7] Confidential Settlement Memorandum Of Sheriff Randy Smith, submitted to Magistrate Judge Donna Phillips Curralt on June 18, 2021.

      i.      ***Sheriff Smith responded to Plaintiffs' settlement demand.***

The Court's order scheduling the settlement conference states, in part that "Plaintiff(s) must make a settlement demand by Friday, June 18, 2021 at noon and Defendant(s) shall *respond* to that demand no later than Tuesday, June 22, 2021 at noon."[8] Plaintiffs made their settlement demand on Thursday, June 17, 2021. As noted in Plaintiff's memorandum, a few hours after receiving Plaintiffs' settlement demand, counsel for Sheriff Smith **responded**, indicating that he received the demand and would provide it to his client.[9] Accordingly, Sheriff Smith is in compliance with the Court's order requiring him to respond to Plaintiffs' offer.

Plaintiffs' argument seeks to have Sheriff Smith sanctioned because he did not make a counteroffer to Plaintiffs considerable demand. However, the Court does not have authority to force a Defendant to make a counteroffer, especially when he has expressed his reasoned position that he is not liable and will not settle. Indeed, sanctions may not be imposed for a party's failure to offer "serious money" in a settlement conference.[10]

It is clear that undersigned counsel responded to Plaintiffs' settlement demand. That the response was not what Plaintiffs wanted does not make it a failure to abide by the Court's order. Accordingly, Sheriff Smith is in compliance with the Court's orders and should not be sanctioned.

      ii.      ***Deputy Chief George Cox's participation in the settlement conference satisfies the Court's Order.***

The Court's order scheduling the settlement conference states, in part, that "counsel must instruct their clients to be present on the video conference at the start of the conference"[11]

---

[8] R. Doc. 259 (emphasis added).
[9] R. Doc 266-1, page 2.
[10] *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1334 (5th Cir. 1996).
[11] R. Doc. 259.

Every Sheriff in Louisiana is a political subdivision unto himself.[12] A suit against a Sheriff in his official capacity is not a suit against the official personally, rather it is to be treated as a suit against the local governing entity the sheriff serves.[13] Here, that local governing entity would be the Office of the St. Tammany Parish Sheriff. Sheriff Smith appointed a representative, Deputy Chief George Cox, one of the highest-ranking deputies in the St. Tammany Parish Sheriff's Office, to represent the Sheriff in the settlement conference. This is no different than when a corporation sends a representative to a settlement conference. Moreover, Deputy Chief George Cox, is the chief of the legal and risk management departments at the St. Tammany Sheriff's Office and is, therefore, uniquely qualified to attend settlement conferences on behalf of the Sheriff's Office.

Plaintiffs further take issue with the fact that Deputy Chief George Cox did not have authority to resolve the dispute Plaintiffs argue that his participation "was effectively meaningless and tantamount to no participation at all."[14]

"Authority to settle" does not mean that representatives must come to court willing to settle on someone else's terms, but only that they come to court in order to ***consider the possibility of settlement***.[15] As noted above, Sheriff Smith's position is that he is not liable to Plaintiffs because he did not fire them for their political support of the former sheriff. As such, Sheriff Smith declined to extend any settlement authority. Sheriff Smith's position was communicated clearly to the Court several days before the settlement conference was scheduled. Despite the foregoing, the Court did not cancel the settlement conference. Nevertheless, in compliance with the Court's Order, the Sheriff's office sent a representative to relay its position that it is not liable to Plaintiffs. Accordingly, Deputy Chief Cox attended the conference to consider the possibility of settlement

---

[12] *Powe v. May*, 2003 U.S. App. LEXIS 28628, at *3 (5th Cir. Mar. 3, 2003).
[13] *Johnson v. Gusman*, 2020 U.S. Dist. LEXIS 101287, at *7 (E.D. La. June 10, 2020)(internal citations omitted).
[14] R. Doc. 266-1 at page 4.
[15] *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989).

and to, in turn, discuss and make recommendations regarding same with the others at the Sheriff's Office.

The cases cited by Plaintiffs are inapplicable because in those cases, the issue keeping the parties from settling was a difference of opinion regarding the amount of damages owed. The issue here is whether Sheriff Smith is liable **at all**. Thus, the outcome of the settlement conference would not have been any different had Randy Smith personally attended.

Accordingly, Sheriff Smith complied with the Court's order by sending a high-ranking representative of the Office of the St. Tammany Parish Sheriff to participate in the settlement discussion.

## **CONCLUSION**

Sheriff Smith fully complied with this Court's order setting the scheduling conference. Sheriff Smith responded to and acknowledged Plaintiffs' settlement demand as required in the Court's order. He also notified the Court that settlement efforts were futile and suggested cancelling the conference to avoid wasting resources. The Court declined to take Sheriff Smith's suggestion, therefore the chief over the legal department at the Sheriff's Office attended the conference to consider the possibility of settlement. No settlement was reached because Sheriff Smith does not believe he is liable to Plaintiffs and, as he is entitled to do, declined to offer any monetary settlement to Plaintiffs.

Plaintiffs are entitled to their frustration that this matter did not settle, but they are clearly not entitled to sanctions because Sheriff Smith declined to settle their tenuous claims. Accordingly, this Honorable Court should deny Plaintiffs' motion for sanctions.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

*s/ Chadwick W. Collings*_____
**CHADWICK W. COLLINGS, T.A.      # 25373**
**Lauren A. Williams                      # 37917**
**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:    (985) 292-2000**
**Facsimile:     (985) 292-2001**
ccollings@millinglaw.com
*Counsel for Sheriff Randy Smith*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on June 29, 2021, 2021, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

*s/ Chadwick W. Collings*
**Chadwick W. Collings**