UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRYAN MOORE, ET AL.                                CIVIL ACTION

VERSUS                                             NO: 17-5219

RANDY SMITH                                        SECTION: "J"(2)

### ORDER

On June 8, 2021, the Court issued a Rule 56(f) notice and directed the parties to submit briefing and evidence related to Defendant's defense of failure to mitigate damages. (Rec. Doc. 256). The parties timely responded. (Rec. Docs. 269, 270).

To establish the defense of failure to mitigate damages, a defendant must "prove that substantially equivalent employment positions were available and that the claimant failed to use reasonable diligence in seeking those positions." *Floca v. Homcare Health Servs., Inc.*, 845 F.2d 108, 111 (5th Cir. 1988) (Title VII case). Substantially equivalent employment is "employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status." *Sellers v. Delgado Cmty. Coll.*, 839 F.2d 1132, 1138 (5th Cir. 1988).

Nevertheless, Defendant asserts that "if the defendant establishes that the plaintiff has not made reasonable efforts to obtain work, the defendant is not required to prove that evidence of equivalent work exists and is available," relying on *Powers v. Northside Independent School District*, 951 F.3d 298, 309 (5th Cir. 2020), and *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003). This argument is

undercut by an earlier Fifth Circuit decision, *Sparks v. Griffin*, which held that a defendant "has to show not only that the plaintiff-appellant failed to use reasonable care and diligence, but that there were jobs available which [plaintiff] could have discovered and for which she was qualified." 460 F.2d 433, 443 (5th Cir. 1972) (internal quotation marks and citation omitted).

Under the Fifth Circuit's rule of orderliness, "one panel . . . cannot overrule the decision of another panel; such panel decisions may be overruled only by a subsequent decision of the Supreme Court or by the Fifth Circuit sitting *en banc*." *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997); *see, e.g.*, *Paulissen v MEI Techs., Inc.*, 942 F.Supp.2d 658, 677 (S.D. Tex. 2013) (following *Sparks* rather than *West*). Defendant acknowledged as much in his earlier briefing to the Court:

> Courts in the Fifth Circuit are split over whether employers asserting this defense must prove both that substantially equivalent work was available and that the plaintiff failed to exercise reasonable diligence to obtain it. . . . Because neither *West* nor *Sellers* was an en banc decision, courts in other districts have held that the Fifth Circuit's earlier holding in *Sparks* controls and that defendants must, therefore, prove both the availability of substantially equivalent employment and that the plaintiff failed to exercise reasonable diligence to obtain substantially equivalent employment.

(Def'.'s Op. to Pls.' Mot. To Exclude Vocational Rehabilitation Expert Testimony, Rec. Doc. 207, at 5-6). Likewise, the Fifth Circuit's Pattern Jury Instructions recognizes this split in authorities and does not include the rule Defendant advances in its pattern instructions. FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS—CIVIL § 11.14 n.5 (2020). Defendant has failed to show that *Sparks* has been overruled by the Supreme Court or the en banc Fifth Circuit; therefore, *Sparks* controls.

The rule in *Sparks* is logical, as it is more difficult to determine whether a plaintiff's efforts are reasonable without knowing how many substantially equivalent positions were available. For instance, a plaintiff who submits only one application for a substantially equivalent position will have her efforts deemed reasonable if that was the only such position available, but not if there were many such positions. But without knowing how many such positions existed, it is considerably harder to evaluate the reasonableness of a plaintiff's efforts. And because failure to mitigate is an affirmative defense, the burden of proof is properly placed on the employer. *See Floca*, 845 F.2d at 111.

This also explains why the testimony and report of Defendant's vocational rehabilitation expert are not relevant (and therefore were excluded). Defendant asserts that "Hegwood's reports prove what 'equivalent work' Plaintiffs are *capable of* performing." (Rec. Doc. 269, at 2) (emphasis added). However, these reports make no showing of what jobs were actually "available" during the relevant period, which is what is required under *Sparks*.[1] 460 F.2d at 44; *accord Floca*, 845 F.2d at 111. Thus, even if the Court were to consider the Hegwood reports, Defendant has not carried his burden here.

Finally, a genuine dispute of material fact exists as to whether Plaintiffs exercised reasonable diligence in seeking substantially equivalent employment,

---

[1] Additionally, "the mitigation duty generally requires only that the claimant seek employment substantially equivalent to the job that was wrongfully terminated. The duty is not to accept a job substantially equivalent to jobs previously held." *Floca*, 845 F.2d at 112. Thus, the Hegwood reports are also irrelevant because they draw heavily on Plaintiffs' prior positions, rather than focusing solely on the positions they held at termination.

because Plaintiffs have submitted some evidence of their efforts to find such employment.

Plaintiff Sterling Hebert was 53 years old at the time of his termination, having worked for the St. Tammany Parish Sheriff's Office for 27.5 years and attaining the rank of Major. He testified that he did not seek employment with another law enforcement agency because he did not think another agency would take him as an entry-level officer at his age (which would not be a substantially equivalent position, given his prior rank) or provide him with a job commensurate with his experience. Instead, he obtained part-time jobs with a public safety software company, a fireworks retailer, and a furniture delivery service. Hebert thus made some effort to obtain other work, and without showing that other jobs equivalent to the position of Major were actually available in the period following Hebert's termination, Defendant cannot show that Hebert's efforts were unreasonable.

Plaintiff Robert Juge was 59 years old and had attained the rank of Captain at the time of his termination. He took his retirement immediately in order to maintain his health insurance and some income but also sought employment by posting his resume and applying to jobs on Monster.com and USAjobs.com yet received no response. He eventually obtained a job with Mike's Hardware and Building Supply. Defendant has failed to show that Juge's efforts were unreasonable.

Plaintiff Bryan Moore injured his ankle while working shortly before his termination and was not able to bear weight on it for roughly six months, which extended after his termination. He applied for disability benefits in October 2016 and

was approved, and he was eventually released from his doctor's care in May 2018 with restrictions. He then took a job with the Causeway Police Department as a patrolman in November 2018, although he made less than his job at STPSO. Defendant contends that Moore failed to mitigate because he rejected a job with the Tangipahoa Sheriff's Office; however, this position was not substantially equivalent, as it offered $19,000 a year, versus the $77,000 a year he made with STPSO. Defendant also points to one instance where Moore got a response for a private investigator position but was not offered the job because he lacked a certain certification, and argues that Moore's failure to attempt to get that certification means that Moore failed to exercise reasonable diligence. However, Defendant has not shown that this private investigator position was substantially equivalent to the position of Captain, which Moore held prior to his termination. Moreover, because Moore sought and eventually obtained another police position, albeit at lower pay, Defendant has failed to show that Moore did not exercise reasonable diligence.

Plaintiff James Franklin originally retired in 2012 but returned to STPSO in 2015 in a part-time position as a detective until his termination in June 2016. He attests he looked for a similar position but was not able to find one. He eventually began employment with the Louisiana State Board of Contractors in May 2017 after studying for and passing the state civil service exam. Defendant has failed to show that Franklin did not exercise reasonable diligence.

Finally, Plaintiff Sean Beavers had attained the rank of Sergeant with STPSO prior to his termination. Less than a month after his termination, he obtained a job

with the Covington Police Department as a Police Officer 1 and remained in that position until September 2017, when he took a job as a patrol deputy with the Jefferson Parish Sheriff's Office. Subsequently, in June 2019, Beavers left the JPSO and accepted a job as an investigator with the Louisiana State Licensing Board for Contractors. Defendant contends that, because Beavers voluntarily left his position with JPSO, he should be barred from recovering damages for lost fringe contributions and retirement benefits, as the JPSO and STPSO positions are substantially equivalent with similar fringe benefits that draw from the same pension fund. As the nonmoving party who bears the burden of proof at trial, Defendant "must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists" for trial. *E.g.*, *Moore v. Smith*, No. 17-5219, 2020 WL 4432284, at *2 (E.D. La. July 31, 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Defendant has not presented any evidence showing that the JPSO and STPSO positions are substantially equivalent and so has not carried his burden here. Moreover, Defendant has not shown that Beavers failed to exercise reasonable diligence. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's defense of failure to mitigate damages is **DISMISSED WITH PREJUDICE**. Defendant may not argue at trial that Plaintiffs failed to mitigate their damages.

New Orleans, Louisiana, this 6th day of July, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE