UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRYAN MOORE, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 17-5219 |
| RANDY SMITH | * | SECTION "J" (2) |

**ORDER AND REASONS**

Pending before me in this matter is a Motion for Sanctions filed by Plaintiffs Bryan Moore, Sean Beavers, Sterling Hebert, and James Franklin against Defendant Randy Smith. ECF No. 266. Defendant Smith filed a timely Opposition Memorandum. ECF No. 268. No party requested oral argument in accordance with Local Rule 78.1, and the matter is taken on briefs.

Having considered the record, the applicable law and the written submissions of counsel, Plaintiff's Motion for Sanctions is DENIED for the reasons stated herein.

**I.      FACTUAL BACKGROUND**

Plaintiffs filed suit alleging that they were terminated from their positions with the St. Tammany Parish Sheriff's Office as a result of their political support of Defendant's political opponent, the then-incumbent Rodney "Jack" Strain. ECF No. 1, ¶ 106. Plaintiffs allege First Amendment retaliation in violation of 42 U.S.C. § 1983.[1]

In accordance with the August 18, 2020 Scheduling Order (ECF No. 242), this Court ordered the parties to participate in a settlement conference. ECF No. 259. In pertinent part, the Order required the parties to exchange initial settlement proposals and have their clients present for the conference. *Id.* at 1-2. The settlement conference was unsuccessful. ECF No. 267.

---

[1] *See* ECF No. 241 (dismissing Plaintiff Moore's FMLA claims and Plaintiff Cheryl Hanson's First Amendment retaliation and FMLA claims); ECF No. 120 (dismissing Plaintiffs' claims pursuant to La. Rev. Stat. § 23:961).

1

Citing Rule 16(f), Plaintiffs now request sanctions against Defendant for failure to obey the Settlement Conference Order by not exchanging a proposal before the conference and not appearing in person for meaningful participation in the conference. ECF No. 266-1, at 1, 4-8. Defendant opposes the motion, arguing that Defendant Smith did not act in bad faith because he clearly communicated his position – that he did not believe that a settlement conference would be productive and asked that the conference be cancelled – in his settlement statement submitted to the undersigned Magistrate Judge on June 18, 2021. ECF No. 268, at 2-3. He argues that he did not violate this Court's Order and, while he did not make a pre-conference counteroffer, counsel did respond by advising that he would deliver the demand to his client. *Id.* at 4. Defendant also argues that he complied with the Order by sending an authorized representative, Deputy Chief George Cox, and any lack of authority resulted from the unwillingness to settle. *Id.* at 5-6.

## II.    APPLICABLE LAW AND ANALYSIS

Rule 16(f) allows a court to issue sanctions if a party or its attorney "is substantially unprepared to participate – or does not participate in good faith – in the conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(B)–(C). The discretion to issue sanctions, however, must be exercised with restraint and discretion.

While federal judges have considerable power to encourage and facilitate settlement, the court has no power to, and should not, coerce a settlement.[2] Parties may have valid and principled reasons for not wishing to settle particular cases, which may not necessarily be based on the merits or a party's possible exposure, but also because of the effect that a settlement might have on other litigation or operations.[3] For that reason, in *Dawson*, the Fifth Circuit reversed sanctions against

---

[2] *Dawson v. United States*, 68 F.3d 886, 896-97 (5th Cir. 1995).
[3] *Id.* at 897-98.

a party who refused to make a monetary settlement offer as required by the court's Local Rules.[4] The Fifth Circuit explained that "there is no meaningful difference between coercion of an offer and coercion of a settlement: if a party is forced to make a settlement offer because of the threat of sanctions, and the offer is accepted, a settlement has been achieved through coercion. Such a result cannot be tolerated."[5]

In support of their request for sanctions, Plaintiffs cite *Dunlap v. Dagostino*[6] where the district court upheld Magistrate Judge North's sanctions against a defendant for failure to attend a settlement conference in good faith when it failed to send an ultimate decisionmaker to the conference, as ordered.[7] In that case, the conference at issue was a second settlement conference necessitated by the defendant's "unrealistic approach to settlement" in the initial conference, after which Judge North specifically ordered the defendant insurance company to appear through a representative "with full authority to settle up to the current demand."[8]

This case is far closer to *Dawson* than to *Dunlap*. This was the first scheduled settlement conference and Defendant's pre-conference position paper made his position clear, even including a request to cancel the conference.[9] This Court chose to go forward with the conference to assess any flexibility and attempt to assist the parties with an agreed resolution, and when it became patently clear that same was not possible, the conference ended well before the allotted time period. Under these facts, sanctions under Rule 16(f) are not appropriate.

---

[4] *Id.* at 897.
[5] *Id.* (citations omitted); *see also Nat'l Ass'n of Gov't Emps., Inc. v. Nat'l Fed'n of Fed. Emps.*, 844 F.2d 216, 223 (5th Cir. 1988) (holding that failure to compromise, even on terms suggested by the court, does not constitute grounds for sanctions); *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989) (en banc) (holding that sanctions cannot be based on a party's refusal to make a monetary offer).
[6] No. 17-11486, 2019 WL 3306518 (E.D. La. 2019).
[7] *Id.* at *3.
[8] *Id.* (quotations omitted).
[9] *Cf. Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1334 (5th Cir. 1996) (noting that a sanctioned party could have avoided sanctions by informing the court of its position – its belief that a settlement conference would be a useless endeavor – any time before the settlement conference).

3

## III. <u>CONCLUSION</u>

Given Defendant's candor with the Court prior to the settlement conference, its conduct does not establish grounds for sanctions. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Sanctions (ECF No. 266) is DENIED.

New Orleans, Louisiana, this __7th__ day of July, 2021.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE